UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-1237-DMG (ADSx) | Date | March 13, 2025 |
| Title | *West Coast Quartz Corporation v. Superior Court Judge The Honorable Michael Markman, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Before the Court is a complaint filed by Plaintiff West Coast Quartz Corporation against defendants "Superior Court of California in and for the County of Alameda," Alameda County, the State of California as supervisor of Alameda County Superior Court, Superior Court Judge Hon. Michael M. Markman, and various parties and counsel from the Alameda County action (Luis Mendoza, Capstone Law APC, Melissa Grant, Bevin Allen Pike, John Stobart, Trisha Monesi, Shealene Mancuso, Ryan Wu, Timothy Rice, Branden Lima, and Gregory Konnoff). [Doc. # 1 at ¶¶ 10–24.]

The Complaint alleges that venue is proper under 28 U.S.C. section 1391(b) and (c) on the grounds that "the events giving rise to this claim occurred with Los Angeles County," and "some or all individual defendants reside and/or maintain an office in the district." The Court's review of the Complaint, however, indicates otherwise. Although some defendants reside in Los Angeles County [Doc. # 1 at ¶¶ 16, 17, 18, 19, 20, 21], all of the alleged events occurred in an action in Alameda County Superior Court of California entitled *Mendoza v. West Coast Quartz Corporation*, RG18927787. [Doc. # 1 at ¶ 2.] Alameda County is within the jurisdiction of the Northern District of California.

Federal venue law provides that a civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-1237-DMG (ADSx)** | Date | March 13, 2025 |
|---|---|---|---|
| Title | *West Coast Quartz Corporation v. Superior Court Judge The Honorable Michael Markman, et al.* | Page | 2 of 2 |

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A district court may raise a venue defect *sua sponte* and dismiss or transfer the action on that basis. *See Costlow v. Weeks*, 790 F.2d 1486, 1487–88 (9th Cir. 1986) (holding that a district court did not err in "raising the issue of defective venue on its own motion," and affirming the district court's *sua sponte* dismissal of the complaint for improper venue). Even if venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404(a); *see also King v. Russell*, 963 F.2d 1301, 1304–05 (9th Cir. 1992) (holding that the decision to dismiss or transfer for improper venue is committed to the sound discretion of the district court).

Plaintiff West Coast Quartz Corporation is **ORDERED TO SHOW CAUSE** by **March 20, 2025** why this action should not be transferred to United States District Court for the Northern District of California District Court for the convenience of parties and witnesses, and in the interest of justice. *See* 28 U.S.C. § 1404(a). Plaintiff shall personally serve a copy of this Order on any defendant that has already been served with the complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. **Failure to timely respond to this Order will result in the transfer of this action to the United States District Court for the Northern District of California.**

**IT IS SO ORDERED**.